**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

**DAVID ROSENBERG & ASSOCIATES, INC., a Minnesota corporation,**

**Plaintiff,**

**v.**

**FASHIONS USA INC., an Illinois corporation,**

**Defendant.**

**Civil No. 01-631 (DWF/SRN)**

**REPORT AND RECOMMENDATION**

---

D. Clay Taylor, Esq., on behalf of Plaintiff David Rosenberg & Associates, Inc.

David G. Parry, Esq., on behalf of Defendant Fashions USA, Inc.

---

SUSAN RICHARD NELSON, United States Magistrate Judge

The above-entitled matter came before the undersigned United States Magistrate Judge on July 30, 2001, on a motion by Defendant Fashions USA, Inc., pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6), to dismiss the Plaintiff's Complaint, without prejudice, for lack of subject matter jurisdiction and failure to state a claim.

This motion has been referred to the undersigned pursuant to 28



FILED OCT 18 2001
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD________
DEPUTY CLERK________

U.S.C. § 636 and Local Rule 72.1(c). See Doc. No. 4. For the reasons set forth below, this Court recommends that the Defendant's motion to dismiss be denied without prejudice, and that Plaintiff David Rosenberg & Associates, Inc. be permitted to serve and file an Amended Complaint.

The Plaintiff claims diversity jurisdiction under 28 U.S.C. § 1332. Defendant, however, argues that the Complaint on its face fails to allege an amount in controversy sufficient to satisfy the federal jurisdictional requirements, and asserts that the Plaintiff cannot meet its burden of establishing a factual basis for an amount in controversy sufficient to trigger federal jurisdiction.

In order to satisfy jurisdictional requirements for federal diversity jurisdiction, the amount in controversy must exceed the sum or value of $75,000.00, exclusive of interest and costs. 28 U.S.C. § 1332. "[T]he plaintiff who has been challenged as to the amount has the burden of showing that the diversity requirements have been met." Burns v. Mass. Mut. Life Ins. Co., 820 F.2d 246, 248 (8th Cir. 1987). Furthermore, the party attempting to invoke the court's jurisdiction must prove the requisite amount by a preponderance of evidence, and if a court concludes to a legal certainty that a plaintiff is not entitled to recover the statutory amount, the lawsuit should be dismissed. State of Missouri v. Western Surety Co., 51 F.3d 170, 173 (8th Cir. 1995).

In this action, Plaintiff David Rosenberg & Assoc., Inc. claims it is

entitled to past-due commissions in the amount of approximately $43,000.00, and seeks to recover damages in this amount. Plaintiff also seeks a statutory penalty under Minn. Stat. § 181.145, which provides for a statutory penalty to a commissioned salesperson if an employer fails to promptly pay the salesperson commissions earned through the last day of employment (Subd. 3). (Comp. at ¶¶ 22-27). Plaintiff asserts that the claim for commissions owed and the statutory penalty will exceed $75,000.

Defendant contends that the claim for statutory penalties is not colorable because the statute, on its face, applies only to people working as commissioned salespersons for employers on an independent contractor basis. The Defendant points out that Plaintiff David Rosenberg & Associates, Inc. is a Minnesota corporation that handles accounts for multiple manufacturers. And, argues the Defendant, a commercial enterprise operating as an independent business entity cannot be considered a "commissioned salesperson", which is defined in Minn. Stat. § 181.145, subd. 1, as "a person who is paid on the basis of commissions for sales and who is not covered by sections 181.13 and 181.14 because this person is an independent contractor." As such, Defendant asserts that the Plaintiff's § 181.145 claims cannot be used as a basis for satisfying the amount in controversy requirement. Western Surety Co., 51 F.3d at 173. Moreover, the Defendant asserts that a sophisticated commercial enterprise should not be entitled to recover a windfall

by capitalizing on remedial employment statutes designed to protect individual workers.

Alternatively, the Defendant asserts that this action should be dismissed under principles of comity and judicial economy because a parallel suit is pending in the Circuit Court for the State of Illinois. The Defendant argues that because the pending suit in Illinois Circuit Court involves the same agreement and business relationship between the parties, and was initiated prior to this action, the "first-filed rule" should apply, especially since federal jurisdiction over this lawsuit has not yet attached. The Defendant contends that the Plaintiff filed this action as an anticipatory measure, and that the Plaintiff's claims can properly be asserted as compulsory counterclaims in the Illinois lawsuit. The Defendant also represents that there are additional claims and parties in the Illinois suit which cannot be joined in the federal case without defeating diversity jurisdiction.

The Plaintiff argues that it has properly invoked this Court's jurisdiction, asserting that the total amount of its claims exceed $75,000 -- $43,000 in unpaid commissions, statutorily doubled due to the passage of time under Minn. Stat. § 181.145, Subds. 2 and 3 - in addition to its request for attorney's fees pursuant to Subd. 4(b). Furthermore, although Plaintiff David Rosenberg & Associates, Inc. acknowledges it is a corporation engaged in business as a multi-line independent sales agency representing numerous

manufacturers and importers of apparel products to various retail accounts in the Midwest, it contends it has worked, at all times relevant to this matter, as an independent sales representative and not as an employee, of Defendant Fashions USA and, as such, is a "commissioned salesperson" as that term is defined in § 181.145, Subd. 1.

Plaintiff focuses the Court's attention on Minn. Stat. § 645.44, in which the Minnesota legislature created a presumptive definition of the term "person," applicable to the construction of all other statutes, which definition includes corporations. Minn. Stat. § 645.44, Subd. 7 states that "the term 'Person' may extend and be applied to bodies politic and corporate . . ." Plaintiff points out that according to § 645.44, Subd. 1, this definition is to apply to all other Minnesota Statutes "unless another intention clearly applies." The Plaintiff submits that the Defendant has not argued, nor can it demonstrate, that the Minnesota Legislature "clearly" indicated that this presumptive statutory definition of "person" should not apply to Minn. Stat. § 181.145. Hence, Plaintiff contends that because Defendant has failed to demonstrate to a legal certainty that the Complaint is defective in any fashion, the motion to dismiss should be denied.

In reply, the Defendant submits that Minn. Stat. § 645.44, subd. 1 does not require that the term "person" be construed to include corporations in all instances when a statute is being interpreted. See Village of Brooten v.

Cudahy Packing Co., 291 F.2d 284, 298 (8th Cir. 1961)(citing Minn. Stat. § 645.44, subd. 7). Furthermore, the Defendant argues that the definitions contained in § 645.44 are not to be applied to a particular statute if doing so leads to an absurd result. Dayton Hudson Corp. v. Johnson, 528 N.W.2d 260, 261 (Minn. App. 1995). Defendant asserts that the Plaintiff's attempt to expand the meaning of the term "person" in Minn. Stat. § 181.145 to include corporations and "bodies politic" is contrary to the clear purpose of the statute which itself expressly distinguishes the term 'person' from the terms 'firm, company, association or corporation'. See Minn. Stat. § 181.145, subd. 2. From this language, argues the Defendant, it is clear that the Minnesota Legislature did intend to differentiate between individuals and corporations in the context of Section 181.145. Otherwise, this section of the statute could have used the word "person" to accomplish the same end.

Defendant argues that "[a] statute must be read and construed as a whole so as to harmonize and give effect to all its parts." Van Asperen v. Darling Olds, Inc., 93 N.W.2d 690, 698 (Minn. 1958); Anderson v. Commissioner of Taxation, N.W.2d 523, 533 (Minn. 1958). A complete reading of Section 181.145, states the Defendant, shows that the Minnesota Legislature intended to expand protections afforded to individual workers who, by virtue of employment arrangements rendering them independent contractors, were denied recourse against their employers. Defendant argues that the statute

was not intended to protect corporations who have the resources and business sophistication to protect themselves in business transactions.

During oral argument, and in supplemental briefing, the Plaintiff asserted that the Minnesota Sales Representative Act, Minn. Stat. § 325E.37 (MSRA), governing the termination of sales representatives, and § 181.145 must be read together because the former incorporates the latter by its very terms. Indeed, Section 325E.37, subd. 1(c) defines "person" as "a natural person, but also includes a partnership, corporation, and all other entities." And "sales representative" is defined as a person who contracts with a principal to solicit wholesale orders and who is compensated, in whole or in part, by commission. Minn. Stat. § 325E.37, subd. d. It is Subd. 4 of this statute, entitled "Rights Upon Termination", which specifically references Minn. Stat. § 181.145. This subdivision states:

> If a sales representative is paid by commission under a sales representative agreement and the agreement is terminated, the representative is entitled to be paid for all sales as to which the representative would have been entitled to commissions pursuant to the provision of the sales representative agreement, made prior to the date of termination of the agreement or the end of the notification period, whichever is later, regardless of whether the goods have been actually shipped. Payment of commissions due the sales representative shall be paid in accordance with the terms of the sales representative agreement or, if not specified in the agreement, payments of commissions due the sales representative shall be paid in accordance with section 181.145.

325E.37, subd. 4.

The Plaintiff requests, in the event the Court decides there is no subject matter jurisdiction, that it be granted leave to amend the Complaint to include claims under the MSRA not previously asserted, or to remand to state court in Minnesota.

The Defendant points out that the Plaintiff has not brought a claim under the MSRA in this lawsuit. Accordingly, the Defendant argues that any rights and remedies provided under the MSRA are not applicable to this case and cannot be considered by the Court in its analysis of the Defendant's motion to dismiss. Even if Plaintiff had brought a claim under the MSRA, the Defendant argues, there would be no basis for the Plaintiff to recover the statutory penalty under Minn. Stat. § 181.145 because the MSRA, on its face, applies Minn. Stat. § 181.145 only in limited circumstances, circumstances the Defendant asserts do not exist in this case.

The Defendant opposes, as improper, any of Plaintiff's alternative requests for relief.

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides that a party may move to dismiss a complaint for failure to state a claim upon which relief can be granted. In considering a motion to dismiss, a court must take all facts alleged in the complaint as true. Westcott v. Omaha, 901 F.2d 1486, 1488 (8th Cir. 1990). Further, the Court must construe the allegations in the Complaint and reasonable inferences arising from the Complaint in the light

most favorable to Plaintiffs. Morton v. Becker, 793 F.2d 185, 187 (8th Cir. 1986). The Court will dismiss a complaint only when it appears a plaintiff cannot prove any set of facts that support the claim. Conley v. Gibson, 355 U.S. 41, 45-46, 78 S. Ct. 99, 102, 2 L.Ed. 80 (1957); Frey v. City of Herculaneum, 44 F.3d 667, 671 (8th Cir. 1995) (citations omitted). In other words, a motion to dismiss should be granted "as a practical matter . . . only in the unusual case in which the plaintiff includes allegations that show on the face of the complaint that there is some insuperable bar to relief." Frey, 44 F.3d at 671 (quotation omitted).

In considering motions challenging subject matter jurisdiction under Rule 12(b)(1), a court ordinarily accepts all well-pleaded facts as true, and views all reasonable inferences in the plaintiff's favor. Scheuer v. Rhodes, 416 U.S. 232 (1974); Ezekial v. Michel, 66 F.3d 760 (7th Cir. 1995). And, in the context of challenges to jurisdictional amount, courts have generally held that the amount in controversy alleged in good faith by the plaintiff is decisive as to jurisdictional amount, and such a motion should be granted only in circumstances where it appears "to a legal certainty" that the claim is truly for less than the jurisdictional amount. St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283 (1938); NLFC, Inc. v. Devcom Mid-America, 45 F.3d 231, 237 (7th Cir. 1995).

Even assuming, for the sake of argument, that this Court's

jurisdiction has not been properly invoked by the claims contained in the Complaint, the Court finds that the interests of justice would best be served if the Plaintiff is given an opportunity, as it requests, to amend the Complaint to include MSRA claims not previously asserted, thereby curing any jurisdictional deficiencies. This allowance is in complete accord with the policy to liberally permit amendment, and the amendment will likely allow Plaintiff to meet its burden of proving the requisite jurisdictional amount by a preponderance of the evidence. See State of Missouri v. Western Surety Co., 51 F.3d at 173. Since it is far from legally certain that the Plaintiff's claims are for less than the jurisdictional amount, a specifically tailored amendment to the Complaint will permit the Court to view this action in the context of the full statutory scheme applicable to sales representatives in Minnesota. The Defendant's motion to dismiss the Complaint pursuant to Fed. R. Civ. P. 12(b)(6) and 12(b)(1) should therefore be denied.

The Court also declines to recommend that this action be dismissed under principles of comity and judicial economy because a parallel suit is pending in the Illinois Circuit Court. In that vein, the Defendant has argued that since the pending suit in Illinois Circuit Court involves the same agreement and business relationship between the parties, and was initiated prior to this action, the "first-filed rule" should be applied, especially since federal jurisdiction over this lawsuit has not yet attached. See Keymer v.

Management Recruiters International, 169 F.3d 501, 503 n.2 (8th Cir. 1999). The Defendant acknowledges that the "first-filed rule" is not intended to be rigidly applied, and that a court must consider the factual circumstances of a case before applying the rule. Boatman's First Nat. Bank v. Kansas Public Employees Retirement System, 57 F.3d 636, 641 (8th Cir. 1995). The Defendant avers that the facts presented here which favor the application of the "first-filed rule" are that: 1) the Plaintiff's claims in the present action can properly be asserted as compulsory counterclaims in the Illinois lawsuit; 2) there are additional claims and parties in the Illinois suit which cannot be joined in the federal case without defeating diversity jurisdiction; and 3) allowing this case to proceed piecemeal will potentially result in unnecessary costs to the courts and parties, as well as possible multiple or inconsistent rulings.

In response, the Plaintiff submits that when concurrent actions are pending in state and federal courts, any request to stay or dismiss the federal action is governed not by the "first-filed rule", but by the Colorado River abstention doctrine. See Colorado River Water Conservation Dist. v. United States, 424 U.S. 800, 817-18 (1976). As the Supreme Court explained,

> [g]enerally, as between state and federal courts, the rule is that the pendency of an action in the state court is no bar to proceedings concerning the same matter in the federal court having jurisdiction . . . As between federal district courts, however, though no precise rule has evolved, the general principle is to

> avoid duplicative litigation. This difference in general approach between state-federal concurrent jurisdiction and wholly federal concurrent jurisdiction stems from the virtually unflagging obligation of federal courts to exercise the jurisdiction given them.

Id. at 817-818 (citations omitted). Plaintiff asserts that federal courts should decline jurisdiction on the basis of Colorado River "only under exceptional circumstances," and the relevant factors – inconvenience of the forum, the order in which jurisdiction was obtained by the fora, and the desirability of avoiding piecemeal litigation – are "weighted heavily" in favor of the federal court retaining jurisdiction. See Dominium Austin Partners, L.L.C. v. Emerson, ___ F.3d ___, ___, 2001 WL 436045 at *5 (8th Cir. May 1, 2001) (affirming decision by Frank, J. denying motion to dismiss on the basis of the Colorado River abstention doctrine). The Eighth Circuit Court of Appeals has identified six factors to be considered when determining whether to exercise jurisdiction or abstain. See Federated Rural Electric Ins. Corp. v. Arkansas Electric Co-ops, Inc. 48 F.3d 294, 297-300 (8th Cir. 1995). These factors are: 1) jurisdiction over a res; 2) the relative convenience of the forums; 3) the risk of piecemeal litigation; 4) which case has priority; 5) whether the case is governed by state or federal law; and 6) whether the state forum is adequate to protect the federal plaintiff's rights. Id.

The Plaintiff contends that when the six Federated factors are considered together, there are no "exceptional circumstances" that would

require this Court to abstain under Colorado River. The Court agrees.

The proceedings in both this and the Illinois case are in the early stages. The parties represent that no discovery has yet been taken in either case, and it is not clear which case was filed first. In each case, jurisdictional challenges have been made via motions to dismiss. The Plaintiff points out that the above-entitled matter is an in personam action, therefore there is no res to consider. The Plaintiff also points out that the Complaint includes claims under a unique Minnesota statute and, while the Illinois court is certainly capable of applying Minnesota law to the claims, in the event that a question of law arises out of the statutory scheme the Plaintiff asserts it should be entitled to have such issues subject to construction and potential review by a Minnesota court.

All of these factors mitigate in favor of continuing jurisdiction at this time, especially in light of the Court's recommendation that the Plaintiff be allowed to amend its Complaint to include claims under the MSRA not previously pled. The Court finds no "exceptional circumstances" that would require abstention under Colorado River. Accordingly, discretion should be exercised, and jurisdiction should not be declined here. The Defendant's motion to dismiss should be denied without prejudice.

Based on the foregoing, and all the files, records and proceedings

herein,

**IT IS HEREBY RECOMMENDED** that:

1) The motion by Defendant Fashions USA, Inc., pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6), to dismiss the Plaintiff's Complaint, without prejudice, for lack of subject matter jurisdiction and failure to state a claim (Doc. No. 5) be **DENIED WITHOUT PREJUDICE**; and

2) Plaintiff David Rosenberg & Associates, Inc., be granted leave to amend its Complaint to include claims under the Minnesota Sales Representative Act (MSRA), not previously asserted. Plaintiff shall file and serve any Amended Complaint within ten days of the date of this Report.

Dated: October 17, 2001.

Susan Richard Nelson
SUSAN RICHARD NELSON
United States Magistrate Judge

Under Fed. R. Civ. P. 72 and D.Minn. LR 72.1(c)(2) any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by November 30, 2000, a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections. Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals.