**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

DAVID ROSENBERG & ASSOCIATES, INC., a Minnesota corporation,

Plaintiff,

v.

FASHIONS USA, INC., an Illinois corporation,

Defendant.

Civil No. 01-631 (DWF/SRN)

**ORDER**

---

David Taylor, Esq., Taylor Law Office, 1300 Nicollet Mall, Suite 5002, Minneapolis, MN 55403, counsel for Plaintiff.

Richard Dahl, Esq., and David Parry, Esq., Dunkley Bennett Christensen & Madigan, 701 4th Avenue South, Suite 700, Minneapolis, MN 55415, counsel for Defendant.

---

It has come to the attention of the court that for some reason, such as bankruptcy, an appeal, or a concurrent case in another court, no action can presently be taken in this case pending before this court. The court, therefore, will administratively terminate this case. An order administratively terminating a case is purely an administrative device for the convenience of the court and in no way affects the substantive rights of the parties to proceed before the court at a later date. To terminate a case administratively means to close a case for statistical purposes in the office of the Clerk of Court and the Administrative Office of the United States Courts. The case in actuality remains active and pending before the court, but it is statistically inactive. An administratively closed case can be easily reopened by a simple order of the court when the case is in a posture that the court can

Filed MAY 0 2 2002
Richard D. Sletten, Clerk
Judgment Entered ______
Deputy Clerk's Initials ______

once again go forward with it. The case then becomes a statistically active case and resumes the same status it had before the termination without prejudice to the rights of the parties involved.

Accordingly, **IT IS ORDERED** that:

The Clerk of Court shall administratively terminate this case in his records without prejudice to the right of the parties to move to reopen the proceedings for good cause, for the entry of any stipulation or order, or for any other purpose required to obtain a final determination of this litigation.

Dated: May 2, 2002

DONOVAN W. FRANK
Judge of United States District Court